ECHOLS BROS. v. STEVENS.    (No. 8448.)

(Court of Civil Appeals of Texas. Ft. Worth. May 26, 1917.)

1. EVIDENCE ⬅817(6)—HEARSAY.

In damage action against building contractors, plaintiff owner's testimony that other contractors had advised him it would cost certain amounts to remedy the alleged defects is inadmissible, because hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1179.]

2. CONTRACTS ⬅322(2)—ACTION FOR BREACH —ADMISSIBILITY OF EVIDENCE.

In damage action against building contractors, evidence that the building leaked is admissable, where such leakage was shown to be caused by defects in a fire wall due to noncompliance with the terms of the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1801, 1815.]

3. APPEAL AND ERROR ⬅733—ASSIGNMENTS OF ERROR—SUFFICIENCY.

In damage action against building contractors, assignments of error that the recovery of certain items was not authorized by the contract or not sustained by proof, but not complaining of any ruling by the court or of the jury's verdict, are insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3025-3027.]

Appeal from Tarrant County Court; Charles T. Prewett, Judge.

Action by E. L. Stevens against Echols Bros. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Gaines B. Turner, of Ft. Worth, for appellants. Jordan Y. Cummings, of Ft. Worth, for appellee.

DUNKLIN, J. Echols Bros. were building contractors and entered into a contract with E. L. Stevens to build him a house. After the house was constructed, it was accepted by Stevens, and the contract price therefor was fully paid. This suit was instituted by Stevens to recover damages for an alleged breach of the contract by Echols Bros. in the failure to finish certain portions of the work in accordance with the terms of the contract, such defects having been discovered after payment made to the contractors, and from a judgment in plaintiff's favor the defendants have appealed.

The evidence was sufficient to support a finding that the house was not completed in accordance with the contract, but the only proof offered to show the measure of plaintiff's damage was his own testimony. That

testimony consisted of his estimate of the amount which would be required to complete the work according to the terms of the contract, and plaintiff testified that the only basis for such estimate was estimates made by other building contractors in reply to requests therefor by the plaintiff. After specifying the different defects upon which his suit was predicated, he testified as follows:

"I have submitted the various matters that I have above stated to various contractors, and had them go over the building, and the least bid or estimate that I have had to finish the house in a first-class workmanlike manner in accordance with the contract was $145, and the highest bid was $185. I can only state the amount of damage from these estimates, and using these estimates as a basis, I will say that it will cost anywhere from $145 to $185 to put the house in a first-class workmanlike order according to the terms of the contract."

The verdict and judgment in plaintiff's favor was for $150.

[1] We think it clear that the court erred in admitting the hearsay testimony relative to statements made to the plaintiff by other contractors, and used by him as a basis for his estimate of damages given upon the witness stand, and for that error the judgment must be reversed.

[2] There was no error in admitting proof that the building leaked, in view of other testimony tending to show that the leak was caused by defects in the fire wall, which would not have existed if the fire wall had been completed according to the terms of the contract.

[3] Assignments 3, 4, and 5 consist merely of general statements that plaintiff was not entitled to recover certain items of damages, either by reason of the fact that such a recovery was not authorized by the building contract or was not sustained by proof, but in none of these assignments is any complaint made of any rulings by the court during the trial, or of the verdict of the jury. Hence they cannot be considered.

For the reasons indicated the judgment is reversed, and the cause remanded for a new trial of plaintiff's suit, but the judgment denying appellants a recovery on their counterclaim is affirmed.